FRANCISCO PADÍN, Plaintiff and Appellee, v. CELSO ROSSI, ATLANTIC INSURANCE UNDERWRITERS OF SAN JUAN, INC., ET AL., Defendants and Appellant the latter.

No. R-70-323.      Decided November 22, 1971.

*Segurola & Montalvo* for Atlantic Insurance Underwriters of San Juan, Inc. *Vivas, Martínez-Texidor & Limeres* for Commercial Insurance Company.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

The case at bar raises a simple question, but since it has never been decided by this Court, it is proper for us to deal with it in a brief opinion for the benefit, not only of the parties, but of the forum in general. Can the trial court, upon rendering a summary judgment take into consideration admissions and facts which as such were not part of the petition for the summary judgment in question, but which arose from another motion for summary judgment filed against another party in the same action? We decide the question in the affirmative.

—I—

A brief recital of the facts is necessary in order to understand the contention as well as our decision.

Francisco Padín filed a complaint against Celso Rossi, Atlantic Insurance Underwriters of San Juan, Inc., and Commercial Insurance Company, claiming damages for the loss of an airplane of his property. He alleged that at the time of

the occurrence of the loss, November 25, 1966, said airplane was insured with codefendant Commercial and, in the alternative, that Rossi and Atlantic were liable to him for they had assumed the responsibility of having the airplane insured prior to November 25, 1966. Commercial denied having issued a coverage for November 25, 1966, although it accepted that it had issued a binder giving coverage as of November 30, 1966. Subsequently, Commercial filed a cross-complaint against Atlantic and the latter counterclaimed. Atlantic also filed a third-party complaint, bringing State Fire & Casualty Company and/or Home Owners Insurance Company into the suit, to answer for any amount which it would be bound to pay, since said insurance companies had issued it a policy covering its liability for any error or omission which it may incur during the course of its transactions as insurance agent.[1]

On July 8, 1970, appellee Commercial Insurance Company filed before the trial court a petition for summary judgment against the Atlantic. In support thereof it introduced a copy of the binder it issued on November 30, 1966, four days after the occurrence of the loss, and also, some admissions which were notified by Padín. It appears from said documents that the only coverage issued by Commercial was the binder of November 30, 1966.

On July 15, 1970, Commercial filed another petition for summary judgment, this time against plaintiff Padín, alleging, as in the previous one, that there was no insurance policy at the time of the occurrence of the loss, and also that it only agreed with Atlantic to quote, as it did, the price of the insurance. It attached to said petition a copy of the binder of November 30, 1966, some letters exchanged between Emiliano Santiago, President of Atlantic, and Robert E. Lincoln, Manager of the Casualty Department

---

[1] This third-party complaint is not involved in the present appeal.

of the Insular Underwriters Corporation. There appears from said letters, an admission of Santiago to the effect that the only thing that he requested from Commercial was a quotation for an insurance policy which covered the airplane in question. It also included Atlantic's answer to a questionaire notified by Padín, setting forth that the theory of his case was to the effect that the hazard object of the litigation was never covered.

■ Padín objected in due time, although not effectively to the motion for summary judgment filed against him. Not thus Atlantic. The latter, although it requested an extension to "answer or oppose both petitions for Summary Judgments", never answered. It appeared, however, at the hearing set to discuss both motions and argued its opposition.[2] The failure to answer, by itself, was sufficient to render summary judgment against it, although not against Padín. Rule 36.5 of the Rules of Civil Procedure.

The trial court rendered summary judgment dismissing the complaint filed by Padín against appellee, Commercial Insurance Company, object of the petition for review R-70-293 requested by Padín;[3] besides, it dismissed the counterclaim filed by Atlantic against Commercial Insurance Company and sustained the cross-complaint of Commercial against Atlantic

---

[2] In the minutes of the hearing held on September 4, 1970, the following appears:

"When this case was called for the hearing of the Motion for Summary Judgment of July 8, 1970, the attorneys for the parties, Mr. Aldo Segurola de Diego and Mr. Carlos Martínez Texidor appeared.

"Attorney Segurola requested that the counsel for Commercial Ins. Co. be allowed to argue the present motion and that he be allowed to file a memorandum arguing the same; the moving party considered the motion as submitted.

"Then they proceeded to argue the Motion for Summary Judgment dated July 15, 1970.

"The parties considered it submitted."

[3] Today we rendered judgment in said petition, affirming the summary judgment rendered by the trial court.

Insurance Underwriters of San Juan, Inc., only to the effects of imposing on the latter $1,000 for attorney's fees, plus costs. This last provision is object of the present petition for review requested by Atlantic Insurance Underwriters of San Juan, Inc.

—II—

The multiple and diverse pleadings of this action having been clarified, we arrive at the most intimate essence of the question. And this is that the alleged liability of Commercial Insurance Company may be based on only one essential fact: the issuance of the coverage by Commercial before November 25, 1966, date of the occurrence of the loss, either directly to Rossi, or to Atlantic, or to Padín, or, through any of its agents. If there was a genuine issue about this fact, the summary judgment did not lie, and, on the contrary, if there was none, it was proper to render summary judgment.

Rule 36 of the Rules of Civil Procedure establishes the general rules to formulate this determination. Insofar as pertinent herein, Rule 36.3 provides: ". . . The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Appellant maintains that the summary judgment may only rely upon the facts which arise from the motion requesting it and which are supported by the evidence or documents set forth therein. It argues that as the trial court unduly took into consideration evidence and documents which were not part of the petition for summary judgment against it, essential facts remained in issue. We do not agree.

■ Rule 36 does not contain such limitations. Neither should we impose them on it, in construing it, because it would defeat its cardinal purpose; which is to promote a

just, speedy, and inexpensive solution of the litigation, cutting short the determination of litigations which, because of their failure to involve a genuine controversy of facts, render a trial on the merits unnecessary. *Roth* v. *Lugo*, 87 P.R.R. 365 (1963); VI Moore, *Federal Practice* 2031. Applied with wise discernment, a summary judgment is a valuable procedural mechanism to eliminate congestion of trial dockets. We should not cut down its efficiency with limitations which in no manner whatsoever contribute to a better administration of justice, but which may delay it.

■ In harmony with this purpose, we hold that the trial courts are not constrained to consider only the evidentiary facts or documents adduced in the motion for summary judgment. All the documents on record, whether or not they are part of the motion for summary judgment, from which admissions made by the parties come forth, may and should be considered.

To decide the contrary would be to obstruct the adjudication procedure by maintaining through deceit a party in an action, as appellant seeks to do in the case at bar, when there is not a genuine issue about the essential facts upon which the claim is based. In the federal jurisdiction a similar construction has been given to Rule 56, from which our Rule 36 derives. See VI Moore, *Federal Practice* 2146, 2199 (2d ed.); III Barron & Holtzoff, *Federal Practice and Procedure* 158, 159, 161; *United States* v. *Webber*, 396 F.2d 381; *E. H. Marhoefer, Jr., Co.* v. *Mount Sinai, Inc.*, 190 F.Supp. 355; *United States* v. *White*, 194 F.Supp. 562.

In the case at bar the appellee affirmed in its motion for summary judgment that it had not issued any coverage whatsoever before November 25, 1966, which, as we have seen, is the essential fact to establish its liability. It sustained that statement with: (1) the binder issued on November 30, 1966; (2) appellant's answer to the interrogatory notified by

plaintiff Padín to the effect that coverage had never been issued; (3) Atlantic's letter of November 21, 1966, asking Commercial for a quotation; (4) Atlantic's letter of January 26, 1967, informing Commercial that the only step it had demanded was the quotation. Documents 3 and 4 were not part of the motion for summary judgment against it, but they were part of the motion against Padín.[4]

Atlantic did not adduce anything against the foregoing which might establish a genuine issue about the fact upon which the alleged Commercial's liability is based: the issuance of a binder. It being thus, the dismissal of Atlantic's claim against Commercial was imperative.

—III—

■ Appellant also complains that the trial court imposed on it $1,000 for attorney's fees, plus the costs. As we have seen, Commercial was originally brought to the suit by Padín and not by appellant. The latter's claim arises as a result of the cross-complaint filed by Commercial. Under these circumstances, the awarding of attorney's fees did not lie.

It is proper to note that the summary judgment unnecessarily contains findings of fact about the relationship between Padín and Atlantic, which were not object of the motion presented by Commercial. We refer to findings Nos. 2 and 4, which should be adjudicated in the trial on the merits between Padín and Atlantic.

Judgment will be rendered modifying the summary judgment rendered by the trial court for the purpose of eliminating the item of $1,000 granted for attorney's fees, and as thus modified, it will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.

---

[4] Also, it is part of the record of the deposition of Emiliano Santiago, President of Atlantic, taken by plaintiff, where it appears that Atlantic is not an agent of Commercial, nor has ever represented it. See p. 30.